# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00123-MR-WCM

DONALD C. KORNSE, JR., )
)
          Plaintiff, )
)
    vs. )    **O R D E R**
)
DENNIS LEE HOWELL (JUDGE), )
et al., )
)
          Defendants. )
_____ )

**THIS MATTER** is before the Court *sua sponte*.

**I.    BACKGROUND**

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against retired U.S. Magistrate Judge Dennis Lee Howell; Assistant United States Attorney John D. Pritchard; the owners and employees of Skyland Automotive Inc.; members of the news media; Buncombe County Sheriff Van Duncan; and several others, alleging violation of his civil rights arising from his arrest and subsequent prosecution and conviction for impersonating a federal officer. [Doc. 1, as amended by Doc. 2]. Specifically, the Plaintiff alleges that he was subjected to perjured testimony by federal agents,

malicious prosecution, false imprisonment, and false arrest. [Id. at 18].[1] He also asserts claims of defamation and libel. [Id.].

The criminal prosecution referenced in the Plaintiff's Complaint stems from a Bill of Indictment filed in this District in April 2016, charging the Plaintiff with impersonating a Department of Homeland Security officer, in violation of 18 U.S.C. § 912. [Criminal Case No. 1:16-cr-00041-MR ("CR"), Doc. 1]. In November 2016, the Plaintiff was found guilty of this charge by a jury. [CR Doc. 58]. On April 13, 2017, the Plaintiff was sentenced to a term of time served, followed by one year of supervised release. [CR Doc. 81]. The Plaintiff appealed [CR Doc. 83], and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on January 11, 2018. [CR Doc. 100].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma*

---

[1] On May 9, 2019, the same day that the Plaintiff filed the amendment to his Complaint, the Plaintiff submitted a letter to the Court detailing his encounter with court security on the day that he filed this action, an encounter which he describes as "an abuse of power." [Doc. 3 at 1]. The Plaintiff also asserts in this letter that one of the witnesses at his criminal trial committed identify theft in the course of reporting the Plaintiff to law enforcement. [Id. at 3]. These allegations, however, are not contained in either the Plaintiff's Complaint or his amendment thereto, and he does not seek any specific relief as a result of these incidents. Accordingly, the Court need not address these allegations further. Even if such claims had been included in his Complaint, however, they would also be subject to dismissal as frivolous claims.

*pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). "Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Claims are "factually frivolous" if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### III. DISCUSSION

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. (emphasis in original).

Here, a judgment in the Plaintiff's favor on any of the claims asserted under 42 U.S.C. § 1983 for perjury, malicious prosecution, false imprisonment, false arrest, and the like would necessarily imply the invalidity of his conviction. Thus, under Heck, the Plaintiff cannot assert these claims unless he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. It is clear from the record of this Court, however, that the Plaintiff's conviction is still valid and has not been reversed or expunged. As these § 1983 claims are clearly barred by Heck, the Court concludes that these claims must be dismissed as frivolous.

The Plaintiff also asserts claims for defamation and libel, alleging that that his "good name was smeared by" the Government, Skyland Automotive, and the local television station, WLOS during the course of these criminal proceedings. [Doc. 1 at 18]. The Plaintiff, however, does not identify any specific defamatory statements, except to imply that statements were made regarding his arrest and conviction and that the employees of Skyland

Automotive made false accusations which led to his arrest. To the extent that these allegedly defamatory statements relate to the Plaintiff's arrest and conviction, such claims are also barred by Heck. To the extent that any defamatory statements are alleged to have been made that are not so barred, the Plaintiff's allegations are so nebulous and lacking in a factual foundation as to be frivolous. The Plaintiff's claims sounding in defamation, therefore, are also dismissed.

While the Plaintiff asserts a number of civil rights violations in his Complaint, at no point does he specifically assert a claim for deliberate indifference to medical needs while in pretrial detention. Nevertheless, in two brief paragraphs of the 21-page complaint, the Plaintiff alleges that while he was held in custody from April 14-19, 2016, he was deprived of medical prescriptions, which forced him into detoxification and withdrawal. [Doc. 1 at ¶¶ 24, 56]. The Plaintiff, however, does not identify where he was being held in custody or which parties allegedly deprived him of such medication.[2] In fact, he provides no factual detail regarding the circumstances under which

---

[2] The Plaintiff names as defendants Buncombe County Sheriff Van Duncan and Major Daryl Fisher of the Buncombe County Detention Facility. He also names a number of defendants associated with Southeast Corrections/Correctional Medical Group Companies. However, the Plaintiff offers no factual allegations identifying any of these defendants as being involved in the alleged deprivation of medication while he was in custody.

he was deprived of such medications. To state a claim for a constitutional violation based on the failure to administer medication, the Plaintiff must allege that the custodial authorities displayed a deliberate indifference to his medical needs. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). To establish deliberate indifference, the Plaintiff must allege "that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Id. at 302 (citation omitted). The Plaintiff's passing reference to his lack of access to medications while in custody is hardly sufficient to support such a claim. Thus, to the extent that the Complaint could liberally be construed as asserting a claim of constitutional deprivation based upon deliberate indifference to medical needs, the Court will dismiss such claim without prejudice.

In sum, the Plaintiff is barred by Heck from asserting any claims that would necessarily imply the invalidity of his conviction unless and until he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. Accordingly, the Plaintiff's claims under § 1983 and for defamation related to statements made about his arrest and conviction are dismissed. Further, to the extent that the Plaintiff makes any other claims for defamation or attempts to assert a claim for deliberate indifference to

medical needs, such claims are conclusory and utterly devoid of factual support. These claims, therefore, are dismissed without prejudice.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1, as amended by Doc. 2] is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: June 4, 2019

Martin Reidinger
United States District Judge